UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| COREY HARRIS, # 449257, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 2:24-cv-00032 |
| JUSTIN CUNNINGHAM, et al., | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Corey Harris, who is currently in the custody of the Northwest Correctional Complex in Tiptonville, Tennessee, filed a pro se Complaint alleging violations of his civil rights. (Doc. No. 1). He has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). The Complaint is now before the Court for initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2), 1915A. As explained below, the Complaint will be dismissed for failure to state a claim.

### I. FILING FEE

Harris has filed an Amended Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 6). Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Harris's Amended IFP Application and supporting documentation, it appears that he lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, the Amended IFP Application (Doc. No. 6) will be granted.

Under § 1915(b), Harris nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-

1

plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Harris is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Northwest Correctional Complex to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If   is transferred from his present place of confinement, the custodian of

his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. PLRA SCREENING STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). Id. § 1915A(b).

The court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept a plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. FACTUAL ALLEGATIONS AND CLAIMS

Harris names two Defendants: Officer Justin Cunningham and the Sparta Police Department. (Doc. No. 1 at 2).

Harris alleges that on December 16, 2021, Officer Cunningham conducted a traffic stop for an obscured license plate. (Id. at 4). Harris was a passenger in the vehicle. (Id.). During the stop, Officer Cunningham asked for consent to search the vehicle. (Doc. No. 1-1 at 3). The driver, Angie Taylor, agreed to the search. (Id.). The search revealed methamphetamine, and Harris was charged with possession of a controlled substance. (Doc. No. 1 at 6).

Harris claims that Officer Cunningham unlawfully seized him and searched Taylor's vehicle in violation of the Fourth Amendment. (Id. at 3). He seeks damages and dismissal of the criminal charges against him. (Id. at 6).

## IV. ANALYSIS

The Complaint is subject to dismissal for two reasons.[1] First, Harris does not have standing to challenge the lawfulness of Officer Cunningham's search of Taylor's vehicle. Second, Harris has not alleged facts from which the Court may reasonably infer that any aspect of the search or seizure was unreasonable in violation of the Fourth Amendment.

A. <u>Standing</u>

The Fourth Amendment protects individuals from "unreasonable searches and seizures." A vehicle's passenger, without more, does not have the property or possessory interest in a vehicle required for standing to challenge a search of that vehicle. <u>Rakas v. Illinois</u>, 439 U.S. 128, 148−49 (1978). Here, Harris does not allege facts from which the Court may infer that he had any property or possessory interest in the vehicle, such that he would have standing to challenge Officer Cunningham's search.

---

[1] Based on the facts alleged in the Complaint, the Court cannot conclusively determine whether Harris's claims are also barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), or the applicable one-year statute of limitations.

4

B. <u>Reasonableness</u>

Even if Harris has standing to challenge the search—or to the extent he challenges a seizure of his person—he has failed to allege facts from which the Court may infer a Fourth Amendment violation.

Harris suggests that the initial traffic stop violated the Fourth Amendment because Officer Cunningham's reasons for the stop were pretextual. (Doc. No. 1-1 at 4). However, an officer's allegedly pretextual reasons for a stop does not violate the Fourth Amendment if probable cause for the stop existed. <u>United States v. Herbin</u>, 343 F.3d 807, 809 (6th Cir. 2003) ("From beginning to end, the constitutionality of a traffic stop under the Fourth Amendment depends on the objectively reasonable justifications for the officers' actions, not their subjective intentions."). Here, Harris alleges that Taylor's license plate was obscured, giving Officer Cunningham objective probable cause to conduct the stop.

Next, Harris argues that Cunningham unreasonably prolonged the stop beyond the "cite and release" that was required. (Doc. No. 1 at 4). However, the facts as alleged in the Complaint cannot support Harris's claim of unreasonableness. After initiating the stop, Officer Cunningham asked Taylor for proof of registration and insurance. (Doc. No. 1-1 at 2). This request was permitted—indeed, directed—by Tennessee law. Tenn. Code § 55-12-139(b)(1)(A). While Taylor was looking for the documents, Officer Cunningham requested her consent to search the vehicle, and she agreed. (Doc. No. 1-1 at 3). "It is well established that a search is reasonable when the subject consents." <u>Birchfield v. North Dakota</u>, 579 U.S. 438, 476 (2016). With Taylor's consent,[2] Officer Cunningham acted reasonably by searching the vehicle. <u>See</u> <u>United States v. Collins</u>,

---

[2] Harris does not allege that Taylor was coerced. Nor does he allege any facts from which the Court could reasonably infer coercion.

5

683 F.3d 697, 702 (6th Cir. 2012) (police not required to obtain consent from all occupants before searching vehicle).

In short, Harris has not alleged facts from which the Court may reasonably infer that a Fourth Amendment violation occurred. His claims against both Officer Cunningham and the Sparta Police Department will therefore be dismissed.

## V. CONCLUSION

Harris's Amended IFP Application (Doc. No. 6) is **GRANTED**.

Harris's Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final Order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE